UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED IN OPEN COURT
10/6/25
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.                                                    CASE NO. 3:25-cr-68-MMH-LLL

FRANKLIN DELANA JARRELL
   a/k/a "Dale Jarrell"

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, and the defendant, FRANKLIN DELANA JARRELL, and the attorney for the defendant, Kathryn Sheldon, mutually agree as follows:

**A.   Particularized Terms**

   1.   Count Pleading To

The defendant shall enter a plea of guilty to Count Two of the Indictment. Count Two charges the defendant with threatening a federal law enforcement officer in violation of 18 U.S.C. §§ 115(a)(1)(B) and 115(b)(4).

   2.   Maximum Penalties

Count Two carries a maximum sentence of not more than 10 years of imprisonment, a fine of not more than $250,000, a term of supervised release of not more than three years, and a special assessment of $100. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the

Defendant's Initials [initials]                                    AF Approval _JMH_

offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3. Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count Two are:

First:   The defendant threatened to assault, kidnap, or murder a Federal law enforcement officer; and

Second:   The defendant did so with intent to impede, intimidate, or interfere with a Federal law enforcement officer while he was engaged in the performance of his official duties or with intent to retaliate against such officer on account of the performance of his official duties.

4. Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Counts One, Three, and Four, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5. Acceptance of Responsibility – Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the

Defendant's Initials FDJ

2

Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

6. <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried

Defendant's Initials _____

3

out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will

Defendant's Initials _JPJ_    4

not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

Defendant's Initials _____    5

B. **Standard Terms and Conditions**

1. **Restitution, Special Assessment and Fine**

    The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

    On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. **Supervised Release**

    The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from

Defendant's Initials _____

6

imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly,

Defendant's Initials _____

7

including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6. <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the

Defendant's Initials: _DS_        8

attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

      7.      <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Defendant's Initials _F PJ_

9

8. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right

Defendant's Initials _TJJ_

10

to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no

Defendant's Initials _____

11

other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ___25___ day of ~~August~~ September, 2025.

|  |  |
|---|---|
|  | GREGORY W. KEHOE<br>United States Attorney |
| _____<br>FRANKLIN DELANA JARRELL<br>Defendant | _____<br>KELLY S. MILLIRON<br>Assistant United States Attorney |
| _____<br>KATHRYN SHELDON<br>Attorney for Defendant | _____<br>DANIEL J. MARCET<br>Assistant United States Attorney<br>Chief, National Security |

Defendant's Initials _____

12

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                            CASE NO. 3:25-cr-68-MMH-LLL

FRANKLIN DELANA JARRELL
a/k/a "Dale Jarrell"

## PERSONALIZATION OF ELEMENTS

1.  On February 18, 2025, did you threaten to kill a United States Secret Service (USSS) Agent in a voicemail?

2.  Did you threaten the USSS Agent with the intent to impede, intimidate, and interfere with, or to retaliate against, the USSS Agent because he was performing his official duties by investigating a matter?

Defendant's Initials _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                      CASE NO. 3:25-cr-68-MMH-LLL

FRANKLIN DELANA JARRELL
a/k/a "Dale Jarrell"

### FACTUAL BASIS[*]

On February 18, 2025, a United States Secret Service (USSS) Agent J.R. began investigating a criminal matter. A few days before, the Federal Bureau of Investigation National Threat Operations Center (NTOC) notified the United States Secret Service Intelligence Operations Center that an unidentified TikTok user under the handle "dale.jarrell8" (the defendant) posted the following messages on his/her TikTok account on or about February 11 and 12, 2025:

- "I got your IP numbers that means I have your address so when I come for you you'll never see it coming stank booty"
- "I'm coming to kill you and you won't worry about wearing a wranglers no more looking to put you in pajamas look at your teeth you're as big as a goddamn crocodile you were mine I'm going to blow your"

---

[*] This factual basis constitutes a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all the events, persons involved, or other information relating to this case.

Defendant's Initials _____

- "I'm going to blow your brains out you won't go back home not unless you're in the box you'll never see me coming we're real rednecks not want to be n****** or whatever you are we're going to kill you"

On February 11, 2025, the defendant (under the same handle) posted this comment in response to a video regarding U.S. Politician 1: "[I]f she is a n**** she don't even know what she is she's one bitch I will take a sniper rifle and blow her head off like they're trying to do with Trump fuck her[.]" On the same day, the defendant posted comments in response to a video regarding U.S. Politician 2: "I want to take them glasses off her head and shove them up her ass come South we will kill your ass nappy head" and "I can't stand motherfucker like that and I don't give a f what anybody thinks bring your ass down to Jacksonville Florida and we will kill your ass we don't play come down south nappy head[.]"

On February 12, 2025, NTOC received a voluntary emergency disclosure of information from TikTok that contained customer records for the TikTok user, which identified a Google e-mail account associated with the TikTok user, dljrrll@gmail.com (the "Gmail account"). Further investigation identified a telephone number, 904-895-0870, associated with the Gmail account.

On February 18, 2025, USSS Agent J.R. called the phone number associated with the defendant's Gmail account at approximately 11:00AM. At the outset of the call, Agent J.R. identified that he was a "Special Agent with the Secret Service," and asked to speak with Dale JARRELL, and the defendant answer that he was JARRELL. Agent J.R. advised he needed to speak with JARRELL concerning a

Defendant's Initials _____                            2

threat posted on his TikTok account. JARRELL verified his TikTok handle was DaleJarrell. Agent J.R. asked if the account ended with a number and JARRELL became verbally aggressive and stated he did not know about a number. JARRELL then spoke about former U.S. Politician 1 and referred to her as a "nappy headed n*****."

Agent J.R. then asked JARRELL if he would be willing to meet in person for an interview regarding this threat. At this point, JARRELL then said he would "kick" Agent J.R.'s "ass," if he "came to his home" and that Agent J.R. "would never leave." Agent J.R. asked JARRELL what he meant by his statement and JARRELL said that he had a house "full of guns" and Agent J.R. "would find out." JARRELL said he could say "whatever he wanted" because of his "First Amendment Right." Agent J.R. advised JARRELL that his right to freedom of speech did not include terroristic threats, and that threating to kill U.S. Politician 1 was a federal crime. JARRELL then threatened to kick Agent J.R.'s front teeth in if he came to his house. He again stated he had a house full of weapons and that Agent J.R. would never "make it past his fence line" if he showed up. JARRELL then terminated the call.

After this initial call, on the same day, JARRELL then called Agent J.R. 25 times and left 21 voicemails. All were threatening in nature. In one voicemail left on Agent J.R.'s phone, JARRELL said: "You and [U.S. Politician 1] can suck each other's dicks. Ain't none of you worth nothing. You're a bunch of goddamn democrats. Come [for] me. You threatened to come to my house. I want you to. I will kill you straight up. You want to threaten me with the FBI or the IBIs or whatever.

Defendant's Initials _____    3

Bring your ass to my house. You will not cross that fence line. You nappy head mother fucker." In another voicemail, JARRELL said: "Let me tell you somethin' you little punk. I got your IP number and I'm gonna find you. And I'm gonna beat your goddamn ass." JARRELL left another voicemail where he said: "He's a fraud with no ass. That motherfucker, I would knock his teeth out. Come. You're trying to figure out where I'm at? Come on down to Jacksonville, you'll find me very easy. I will kill you, and that piece of shit [U.S. Politician 1]. You aint got nothing on me. Dead man walking. Keep fucking with me. That's all I'll tell you. We don't play. We don't like democrats and we don't like Yankees." Local law enforcement arrested JARRELL on the same night he made the threats to Agent J.R. and [U.S. Politician 1].

Defendant's Initials _____         4